PLG DAMAGE ATTORNEYS
VINIT R. VENKATESH, ESQ. (367857)
2750 SW 145TH AVENUE #509
MIRAMAR, FLORIDA 33027
SERVICE@PLGDAMAGE.COM
        ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bennea Hughes, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Guardio LLC,<br><br>Defendant. | Case No.:<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** Violations of 47 U.S.C. § 227(c); C.F.R. § 64.1200(c)(2); and 47 C.F.R. § 64.1200(c)(1)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff BENNEA HUGHES ("Plaintiff") brings this class action against Guardio LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's counsel.

## NATURE OF THE ACTION

1. This putative class action arises from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), and the Federal Communications Commission ("FCC") regulations promulgated thereunder.

2. To advertise and promote its goods and services, Defendant transmitted, or caused to be transmitted, unsolicited telemarketing text messages to Plaintiff and other consumers, including multiple messages initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

3. Plaintiff also brings claims arising from Defendant's transmission of repeated telemarketing text messages to telephone numbers that had been listed on the National Do-Not-Call Registry for at least thirty days.

4. Through this action, Plaintiff seeks injunctive relief, statutory damages, treble damages for willful or knowing violations, costs, and such other relief the Court deems just and proper.

## PARTIES

5. Plaintiff is a natural person, a citizen and resident of Los Angeles, California, and a "person" entitled to bring this action under the TCPA.

6. Defendant, Guardio LLC, is a Delaware Limited Liability Company that is authorized to do business in California and does business as Guardio LLC.

7. Unless otherwise indicated, references to Defendant include its agents, employees, officers, members, directors, parents, subsidiaries, affiliates, predecessors, successors, assigns, principals, representatives, vendors, and all other persons or entities acting on its behalf.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA.

9. This Court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant transacts business in this District, purposefully directed the telemarketing campaign at issue into this District, and the unlawful texts were initiated to and received by Plaintiff while Plaintiff was located in this District.

## STATUTORY AND REGULATORY BACKGROUND

10. In 1991, Congress enacted the TCPA to address the intrusive invasion of privacy caused by unrestricted telemarketing. See Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5).

11. Section 227(c) of the TCPA directed the FCC to adopt rules protecting residential telephone subscribers' privacy rights and limiting unwanted telephone solicitations. 47 U.S.C. § 227(c)(1).

12. The FCC's regulations prohibit any person or entity from initiating a telephone solicitation to any residential telephone subscriber before the hour of 8:00 a.m. or after 9:00 p.m. local time at the called party's location. 47 C.F.R. § 64.1200(c)(1).

13. The FCC's regulations also prohibit any person or entity from initiating a telephone solicitation to a residential telephone subscriber whose telephone number has been registered on the National Do-Not-Call Registry for at least thirty days. 47 C.F.R. § 64.1200(c)(2).

14. The rules set forth in 47 C.F.R. § 64.1200(c) and (d) apply to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described by the FCC. 47 C.F.R. § 64.1200(e).

15. Under the TCPA, a text message qualifies as a "call." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016).

16. The FCC defines "telephone solicitation" to mean the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, but the term does not include a call or message sent with prior express invitation or permission, to a person with whom the caller has an established business relationship, or by or on behalf of a tax-exempt nonprofit organization. 47 C.F.R. § 64.1200(f)(15).

17. For purposes of the National Do-Not-Call Registry rule, prior express invitation or permission must be evidenced by a signed, written agreement between the consumer and seller stating that the consumer agrees to be contacted by that seller and including the telephone number to which the calls may be placed. 47 C.F.R. § 64.1200(c)(2)(ii).

18. A person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c) may bring an action for injunctive relief and to recover actual monetary loss or up to $500.00 in damages for each violation, whichever is greater. 47 U.S.C. § 227(c)(5).

19. If the Court finds that the defendant willfully or knowingly violated the regulations prescribed under 47 U.S.C. § 227(c), the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount otherwise available. *Id*.

**FACTS**

20. Plaintiff is the regular user and subscriber of the wireless telephone number ending in 4570 (the "Subject Number"). Plaintiff uses the Subject Number only or primarily for

personal, family, and household purposes, as Plaintiff's primary means of being reached at home, and as a replacement for a traditional residential landline.

21. The Subject Number has been listed on the National Do-Not-Call Registry since at least March 02, 2008.

22. Plaintiff did not provide Defendant with prior express invitation or permission—written or otherwise—to send telemarketing or solicitation text messages to the Subject Number.

23. Plaintiff did not sign any written agreement authorizing Defendant to send telemarketing or solicitation text messages to the Subject Number, and Defendant does not possess a signed written agreement satisfying 47 C.F.R. § 64.1200(c)(2)(ii).

24. Plaintiff had no established business relationship with Defendant within the meaning of 47 C.F.R. § 64.1200(f)(5) at the time of the messages at issue. Plaintiff had not purchased from Defendant within the eighteen months preceding the challenged texts, had not made any inquiry or application regarding Defendant's goods or services within the three months preceding the challenged texts, and, to the extent any prior relationship ever existed, it had been terminated before the messages at issue were initiated.

25. Upon information and belief, Defendant is not a tax-exempt nonprofit organization, and the messages at issue were not sent by or on behalf of a tax-exempt nonprofit organization.

26. On February 23, 2025 at 4:04 AM, May 02, 2026 at 10:04 PM, and May 10, 2026 at 9:55 PM (Labeled as Sunday), Defendant initiated, or caused to be initiated,

telemarketing text messages to Plaintiff while Plaintiff was located in Lancaster, California.

27. The messages were sent from Guardio LLC, identified Defendant by name, promoted Defendant's goods and/or services, included (https://s.grd.ip/G7uVo), and did not instruct recipients to OPT-OUT.

28. True and correct copies of the messages are attached as Exhibit A and incorporated by reference.

29. The subject messages were not informational or transactional. Their purpose was to advertise, promote, and encourage the purchase of Defendant's goods and/or services.

30. Because the challenged messages were initiated to Plaintiff while Plaintiff was located in Lancaster, California, the times alleged above are the relevant local times for purposes of 47 C.F.R. § 64.1200(c)(1). Each challenged message was initiated before 8:00 a.m. or after 9:00 p.m. local time at Plaintiff's location.

31. Upon information and belief, Defendant directly transmitted the subject messages or used a third-party platform, vendor, and/or telemarketing agent to transmit them on Defendant's behalf. Any such person or entity acted as Defendant's agent and within the scope of that agency.

32. Upon information and belief, Defendant maintains, controls, and/or has access to outbound transmission reports and campaign records reflecting the dates, times, target telephone numbers, content, sending number or short code, and routing information for the telemarketing texts sent to Plaintiff and the Classes.

33. Defendant's unlawful conduct invaded Plaintiff's privacy, disturbed Plaintiff's peace and quiet, and caused nuisance and annoyance in a realm that is private and personal.

34. Plaintiff remains at risk of future injury absent injunctive relief because, upon information and belief, Defendant's telemarketing campaign remained ongoing after the challenged messages and Plaintiff's number remained on, or accessible through, the lists, databases, and systems Defendant used to send the challenged texts.

## CLASS ALLEGATIONS

**Proposed Classes**

35. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff and the following proposed classes:

36. TCPA After-Hours Class: All persons in the United States who, from four years prior to the filing of this action through the date of class certification, Defendant, or anyone acting on Defendant's behalf, initiated more than one telephone solicitation text message within any twelve-month period to a wireless telephone number used by the called party as a residential line, where at least one such message was initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

37. TCPA National Do-Not-Call Registry Class: All persons in the United States who, from four years prior to the filing of this action through the date of class certification, Defendant, or anyone acting on Defendant's behalf, initiated more than one telephone solicitation text message within any twelve-month period to a wireless telephone number used by the called party as a residential line, where the number had been listed on the National Do-Not-Call Registry for at least thirty days before the first challenged text message.

38. Plaintiff reserves the right to modify the class definitions as discovery and further investigation may warrant.

7
COMPLAINT

39. Excluded from the Classes are Defendant, any parent, subsidiary, affiliate, or control person of Defendant, and Defendant's officers, directors, agents, servants, employees, attorneys, and the immediate family members of such persons.

40. Upon information and belief, the members of the Classes number at least in the dozens and likely in the hundreds or thousands, making joinder impracticable. The identities of the Class members are presently unknown to Plaintiff but are ascertainable through Defendant's records and the records of Defendant's agents and vendors.

**Common Questions and Rule 23 Requirements**

41. There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members, including whether Defendant initiated or caused to be initiated the challenged text messages; whether those messages constituted telephone solicitations or telemarketing; whether the messages were sent to wireless numbers used as residential lines; whether the messages were initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location; whether Defendant sent more than one solicitation text message within a twelve-month period to numbers listed on the National Do-Not-Call Registry for at least thirty days; whether Defendant possessed prior express invitation or permission or a signed written agreement satisfying 47 C.F.R. § 64.1200(c)(2)(ii); whether Defendant had an established business relationship with the recipients; whether any nonprofit exemption applies; whether Defendant can establish any applicable safe harbor; and whether Defendant is liable for damages and injunctive relief.

42. Plaintiff's claims are typical of the claims of the Classes because they arise from the same course of conduct and are based on the same legal theories.

43. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in complex litigation and TCPA class actions.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because the damages recoverable by individual class members are small compared with the burden and expense of individual litigation, and separate actions would risk inconsistent results and needlessly burden the courts.

## COUNT I

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1)**
*(Quiet-Hours Claim)*
*(On Behalf of Plaintiff and the TCPA After-Hours Class)*

45. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

46. 47 C.F.R. § 64.1200(c)(1) provides that no person or entity shall initiate any telephone solicitation to any residential telephone subscriber before the hour of 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

47. 47 C.F.R. § 64.1200(e) makes the rules set forth in 47 C.F.R. § 64.1200(c) and (d) applicable to persons or entities making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described by the FCC.

48. The subject text messages were telephone solicitations within the meaning of the TCPA because they were sent for the purpose of encouraging the purchase of Defendant's goods and/or services, Plaintiff did not provide prior express invitation or permission, Defendant had no established business relationship with Plaintiff, and the messages were not sent by or on behalf of a tax-exempt nonprofit organization.

49. Within a twelve-month period, Defendant initiated, or caused to be initiated, more than one telephone solicitation text message to Plaintiff and the TCPA After-Hours Class before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

50. By doing so, Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1).

51. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and the TCPA After-Hours Class are entitled to injunctive relief and to recover actual monetary loss or up to $500.00 for each violation, whichever is greater, and up to three times that amount for each willful or knowing violation.

## COUNT II

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)**
*(National Do-Not-Call Registry Claim)*
*(On Behalf of Plaintiff and the TCPA National Do-Not-Call Registry Class)*

52. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

53. 47 C.F.R. § 64.1200(c)(2) prohibits any person or entity from initiating a telephone solicitation to a residential telephone subscriber whose number is listed on the National Do-Not-Call Registry for at least thirty days.

54. Plaintiff's Subject Number had been listed on the National Do-Not-Call Registry for at least thirty days before Defendant initiated the challenged telemarketing texts.

55. Within a twelve-month period, Defendant initiated, or caused to be initiated, more than one telephone solicitation text message to Plaintiff and members of the TCPA National Do-Not-Call Registry Class after their numbers had been listed on the National Do-Not-Call Registry for at least thirty days.

56. The subject messages were telephone solicitations because they were sent for the purpose of encouraging the purchase of Defendant's goods and/or services, Plaintiff

did not provide prior express invitation or permission, Defendant lacked a signed written agreement satisfying 47 C.F.R. § 64.1200(c)(2)(ii), Defendant had no established business relationship with Plaintiff, and the messages were not sent by or on behalf of a tax-exempt nonprofit organization.

57. Upon information and belief, Defendant cannot establish the regulatory safe harbor because it did not establish and implement, with due care, reasonable practices and procedures effectively to prevent telephone solicitations to numbers listed on the National Do-Not-Call Registry, or because it failed to follow such practices and procedures.

58. By doing so, Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

59. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and the TCPA National Do-Not-Call Registry Class are entitled to injunctive relief and to recover actual monetary loss or up to $500.00 for each violation, whichever is greater, and up to three times that amount for each willful or knowing violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant and award the following relief:

a) An order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

b) Statutory damages of up to $500.00 for each violation, or actual monetary loss, whichever is greater;

c) An award of treble damages for each willful or knowing violation;

d) Injunctive relief prohibiting Defendant from engaging in conduct that violates the TCPA, including initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location and initiating telephone solicitations to persons listed on the National Do-Not-Call Registry in violation of federal law;

e) Costs, pre-judgment interest, and post-judgment interest as permitted by law; and

f) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff and the members of the Classes hereby demand a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, electronically stored information, transmission logs, campaign reports, consent records, do-not-call records, customer relationship data, vendor communications, and all other documents or data relating to the text messages and telemarketing practices alleged herein.

Dated: May 18, 2026
Respectfully submitted,
/s/ Vinit R. Venkatesh, Esq.
Vinit R. Venkatesh, Esq.

COMPLAINT

**EXHIBIT A**

COMPLAINT

## **ATTACH PHOTOS**

 

COMPLAINT